### DANIEL J. CAMPAU v. MARTHA NORTH.

*Privileged witnesses—Physicians—Comp. L. § 5943.*

A physician's testimony as to information acquired while attending a patient cannot be excluded unless it appears that he needed it to enable him to prescribe for the patient. Comp. L. § 5943.

Physicians have no common law privilege exempting them from testifying to facts learned in the confidence of their professional relation.

Damages were claimed for a physical disability alleged to have been caused by defendant's violence. *Held* that the testimony of plaintiff's physician that plaintiff had admitted to him that the disability had existed before the act of violence, could not be excluded if it did not appear that the patient's disclosure was necessary to enable him to prescribe.

When a plaintiff complains of personal violence as the cause of a physical disability, and no evidence is given in support of any other theory, it is error to give the jury to understand that they may find that the violence aggravated a pre-existing disability.

Error to Superior Court of Detroit. Submitted October 25. Decided October 31.

TRESPASS ON THE CASE. Defendant brings error.

*Alfred Russell* for plaintiff in error. A physician is not excused from testifying to facts learned while attending a patient if the information was not necessary to enable him to prescribe, *Briggs v. Briggs*, 20 Mich., 40; *Johnson v. Johnson*, 4 Paige, 468; *Collins v. Mack*, 31 Ark., 684; the same principle applies to attorneys, *Alderman v. People*, 4 Mich., 422; *Hatton v. Robinson*, 14 Pick., 416; *Barnes v. Harris*, 7 Cush., 576.

*J. W. Donovan* and *J. Logan Chipman* for defendant in error.

GRAVES, J. The plaintiff in error being an invalid procured defendant in error to attend him in capacity of a nurse. She remained about two weeks and a half and went away. Some time thereafter she brought this suit upon the case to recover for various personal injuries and among them for a rupture caused as she alleges by his blows and other acts of violence against her while she was acting as his nurse. The jury returned a verdict in her favor for $1500 and error is charged.

When upon the stand as a witness in her own behalf she testified that she was in good health when she began for the plaintiff in error, but after leaving was sick and ruptured and that such injuries were caused by his personal violence.

On cross examination she was asked if she had not at a specified time and place admitted to Doctor Lichty that she had been ruptured before going to nurse plain-

tiff in error, and that he had not caused the rupture of which she made complaint, and she replied that she had not.

Dr. Lichty was afterwards called for plaintiff in error and having testified that he was employed and acted as her physician after she left plaintiff in error, that he had charge of her case and that all the facts which had come to his knowledge of and concerning her had been acquired by him while attending her in his professional capacity as her physician, was tendered as a witness to prove that she admitted to him, at the time and place specified in the question put to her, that she had been ruptured before she went to live with plaintiff in error and had not been ruptured by him. The offer was objected to by the counsel for the defendant in error on the ground that it was within Comp. L., § 5943. The section is in these terms:

"No person duly authorized to practice physic or surgery shall be allowed to disclose any information which he may have acquired in attending any patient, in his professional character, and which *information was necessary to enable him to prescribe for such patient as a physician*, or to do any act for him as a surgeon."

The court sustained the objection.

The objection and ruling were based on the statute. The common law gives no privilege in such a case, 1 Greenleaf's Ev., § 248; 1 Wharton's Ev., § 606; 1 Starkie's Ev. (Phil. ed.), p. 40, mar.; 2 Best's Ev. (1st Am. from 6th Lond. ed.), § 582.

The rule given by the statute is beneficial and based on elevated grounds of policy, and it ought not to be frittered away by refinements. It is not to be forgotten, however, that parties have their rights, and that when one takes the stand as witness to establish by his or her oath the cause of action alleged, the state of facts to give immunity under the statute ought to appear distinctly before making any exclusion of proof of contradictory admissions. So far as practicable the courts

ought to see to it that the statute is not used as a mere guard against exposure of the untruth of a party, and that a rule intended as a shield is not turned into a sword.

The objection in the present case was not warranted by the facts in the record. The offer was to show Miss North's admission that her rupture was not caused by plaintiff in error but existed before she went to live with him. This was material, and it does not appear in the record from the doctor's testimony or in any way that in case she made the admission as to the pre-existence of the rupture, and as to its not being caused by plaintiff in error, it was information "necessary to enable the doctor to prescribe for her as a physician or to do any act for her as a surgeon." And yet this is one of the fundamental conditions for exclusion which the statute specifies.

The objection that the court refused to strike out the testimony of the other medical witnesses requires no notice.

The case was given to the jury upon an implication that it would be competent for them to find that the breach of which defendant in error complained, existed before she went to nurse plaintiff in error and was aggravated by his violence and abuse. There was no basis for any such theory. Miss North testified, as before stated, that she was well when she went to live with plaintiff in error, and that the rupture was caused by the violence she received there, and this was her case as set forth by the declaration. All her witnesses who testified about it agreed with her on that point, and no evidence on the part of plaintiff in error was admitted which had any tendency to prove that he injured her by aggravating a pre-existing rupture by his assaults.

For the errors mentioned the judgment must be reversed with costs and a new trial ordered.

CAMPBELL, C. J. and COOLEY, J. concurred; MARSTON, J. did not sit in this case.