101  245
111  448

GEORGE V. LINCOLN v. THE CITY OF DETROIT.

*Municipal corporations—Defective street—Contributory negligence
—Evidence—Privileged communications.*

1. Plaintiff was injured at the intersection of two streets in the
city of Detroit by stepping on the edge of the iron covering
of a manhole, situated just outside the sidewalk, and at the
corner formed by the intersection of the two crosswalks with
the sidewalk.  The evidence tended to show that the covering
to the manhole rested upon a stone which formed a rim,
and that either because the stone had worn away, or because
originally too large for the purpose, whenever a person stepped
on the edge of the iron covering, the natural result was to
force the rim far enough away so that the edge would drop
down, and let the traveler into the manhole.  Plaintiff was,
at the time of the accident, attempting to cross diagonally
from the north-west corner of the intersection of the streets to
the south-east corner, and claims to have been injured in the
manner indicated.  And it is held:

  *a*—That it was the duty of the defendant to render the man-
hole reasonably safe, having reference to the probable use
which the public would make of it; and that 3 How. Stat.
§ 1446*e*, making it the duty of cities to keep their public
streets "in reasonable repair, so that they will be reasonably
safe and convenient for public travel," is broad enough to
cover all portions of the street in question.

  *b*—That, while it would not be required of the city to con-
struct a smooth surface for travel at the point where the man-
hole was situated, and while it was not necessary that the
manhole should be on a level with the sidewalk, yet it was
neither extraordinary nor negligent for pedestrians, in cross-
ing the street, to cross at other points than the crosswalks,
and to pass over such manhole, using due caution; and, if
there was such a defect as is described in the testimony, a
pedestrian would be quite unlikely to discover it, even if using
due care; and it was therefore a question for the jury whether
the place in question was reasonably safe.

  *c*—That an instruction that "it was the duty of the defend-
ant to keep the manhole in just as safe condition as the side-
walk itself, conceding that it was not a part of the sidewalk,"
if justifying the inference on the part of the jury that the

space covered by the manhole must be kept as smooth and present as perfect a surface as the sidewalk, was incorrect and misleading; that the jury should have been instructed that a pedestrian about to cross such a point in the street must take notice of the uneven surface and declivities, and use such care as the situation would suggest to an ordinarily prudent person.

2. The plaintiff testified on his cross-examination that he was under the influence of liquor at the time of the accident, and it was also claimed by the defendant that his testimony tended to show that he paid no attention to where he was going, and did not use due care, and that this was attributable in part to his intoxicated condition. And it is held that an instruction that the testimony of the plaintiff himself was that he was not under the influence of liquor was directly opposed to his own testimony, and, as the question related to a material point, it cannot be said that such a statement of the testimony, coming from the court, was not calculated to mislead the jury in prejudice of the defendant's case.

3. A physician testified in behalf of the defendant that he made an examination of the plaintiff after he was injured, and was then asked to state whether, at the time of such examination, the plaintiff was under the influence of liquor. The witness declined to answer on the ground of privilege, and was sustained by the court, although no objection was made by the plaintiff to the proposed testimony. And it is held that it was error to exclude the testimony; that the privilege claimed was that of the plaintiff, and not of the witness; and, besides, it did not appear that the information as to plaintiff's condition was necessary in order to enable the physician to prescribe for his ailment.[1]

Error to Wayne. (Reilly, J.) Submitted on briefs April 12, 1894. Decided June 26, 1894.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed* (*T. T. Leete, Jr.*, of counsel), for appellant.

---

[1] For cases bearing upon the construction of How. Stat. § 7516, which makes certain information acquired by physicians privileged, see *Dittrich v. City of Detroit*, 98 Mich. 245, and note.

*Edgar Weeks (Oscar M. Springer, of counsel), for plaintiff.

MONTGOMERY, J.    Plaintiff recovered for an injury received at the intersection of Franklin and Rivard streets, in Detroit. The theory of the plaintiff was that the injury occurred from his stepping on the edge of the iron covering of a manhole, which was situated just outside the sidewalk, and at the corner formed by the intersection of the two crosswalks with the sidewalk. The evidence tended to show that the covering to the manhole rested upon a stone which formed a rim, and that either because this stone had worn away, or because originally too large for the purpose, whenever a person stepped on the edge of the iron covering, the natural result was to force the rim far enough away so that the edge would drop down, and let the traveler down into the manhole. This is the way the injury is claimed to have occurred in the present case. The plaintiff was at the time attempting to cross diagonally from the north-west corner of the intersection of the two streets to the south-east corner.

It is contended by the defendant that the city is not required to keep the whole width of its highway for pedestrians, and, if the portion devoted to travel is safe, this is sufficient. Counsel cite, as sustaining this contention, the case of *Keyes v. Village of Marcellus,* 50 Mich. 441. That case is, however, clearly distinguishable from the present. The street considered in that case in which the defect existed was said to be little more than a country highway, and it was held that it accommodated public travel conveniently and safely. We think in the present case it was a duty to render this manhole reasonably safe, having reference to the probable uses which the public would make of it. The statute is broad enough to cover this portion and all portions of the street.    3 How. Stat. §

1446e. While it would not be required of the city to construct a smooth surface for travel at the point where the manhole was situated, and while it was not necessary that it should be on a level with the sidewalk, yet it is not either extraordinary or negligent for pedestrians, in crossing the street, to cross at other points than the crosswalks, and to pass over such manholes, using due caution; and, if there was such a defect as is described in the testimony, a pedestrian would be quite unlikely to discover it, even if using due care. It would be well calculated to result in serious injury. We think, therefore, that it was a question for the jury whether the place in question was reasonably safe.

The circuit judge charged the jury as follows:

"I think from the situation, as exhibited by the map drawn by the engineer of the city, and presented in evidence, that it is the duty of the city to keep that manhole in just as safe condition as the sidewalk itself, conceding that it is not part of the sidewalk."

We think this instruction may have misled the jury. If the jury were justified in inferring from this that the space covered by the manhole must be kept as smooth and present as perfect a surface as a sidewalk, it is certainly incorrect and misleading. On the contrary, a pedestrian about to cross such a point in the street must take notice of the uneven surface and declivities, and use such care as the situation would suggest to an ordinarily prudent person.

In the present case the testimony tended to show that the plaintiff was more or less under the influence of liquor at the time of the injury. In fact, he himself testifies on cross-examination that he was under the influence of liquor. It was also claimed by defendant that his testimony tended to show that he paid no attention to where he was going, and did not use due care, and that this was

attributable in part to his condition.    The circuit judge, in charging the jury, stated.

" The testimony of the plaintiff himself is that he was not under the influence of liquor."

This was directly opposed to his testimony given on cross-examination; and, as the question related to a material point, we cannot say that such a statement of the testimony, coming from the court, was not calculated to mislead the jury in prejudice of the defendant's case.

We do not think the case should have been taken from the jury upon the question of plaintiff's contributory negligence, as requested.

The other questions involved need not be discussed.

It should be remarked, however, that the ruling of the court excluding the testimony of Dr. Stewart, as to the condition in which the plaintiff was, was erroneous. No objection was made to the testimony by the plaintiff, and it was not the doctor's privilege which was in question, but the plaintiff's; nor did it appear that the information as to his condition was necessary in order to enable the physician to prescribe for his ailment.

For the errors pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.