---

In re REID.

(District Court, E. D. Michigan, S. D. October, 1906.)

WITNESSES—PRIVILEGE AS TO PRODUCTION OF DOCUMENTS—TAX STATEMENTS.
   Comp. Laws Mich. 1897, § 3846, which provides that property statements which are required to be made by property owners to the assessing officers shall be filed, and shall be used for no other purpose except the making of an assessment, and that "any officer or person who shall make or allow to be made, willfully or knowingly any other or wrongful use of such statement shall be liable to the person making such statement for all damages resulting, * * *" imposes an absolute prohibition upon the use of such statement for any other purpose as a matter of public policy, and an officer cannot be compelled to produce such a statement as evidence either in a state or federal court, even though no objection is made.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 779.]

In Bankruptcy. On question certified by Harlow P. Davock, referee.

D. A. L'Esperance and B. B. Selling, for creditors.

Frank E. Doremus, for Benjamin Guiney, city assessor.

SWAN, District Judge. In the course of an examination before the referee in the above cause, Benjamin Guiney, president of the board of assessors of the city of Detroit, was called as a witness for the Ameri-

can Window Glass Company, a creditor of the bankrupt, and was asked to produce a certain tax statement for the year 1904, filed by the bankrupt with the board of assessors of Detroit. Under the instructions of Mr. Doremus, assistant corporation counsel of Detroit, Mr. Guiney declined to produce said statement, basing the refusal upon the provisions of section 3846, Comp. Laws Mich. 1897, which is section 23 of the general tax law of Michigan. Section 19 of that law (Acts 1893, p. 362, No. 206) provides that:

"Every owner of property liable to taxation under the general provisions of this act, being of full age and sound mind, who is a resident of this state, shall make out and deliver to the supervisor or assessor on demand a sworn statement of all the property owned or held by him as follows." [Here follows the form and requisites of such statement.]

Section 23 (Comp. Laws 1897, § 3846), supra, provides that:

"All the statements herein required to be made and received by the supervisor or assessor shall be filed by him; * * * but no such statement shall be used for any other purpose except the making of an assessment for taxes as herein provided, or for enforcing the provisions of this act, and any officer or person who shall make or allow to be made, willfully or knowingly, any other or wrongful use of such statement shall be liable to the person making such statement for all damages resulting from such unauthorized or unlawful use of such statement."

No objection was made by the bankrupt to the production of the statement. This fact it is claimed by the creditor made its production the duty of the witness, and was a waiver by the bankrupt of the protection given by the statute. The argument is that the right conferred by the statute here involved is like that prohibiting disclosure by a physician of facts affecting his patient, which came to his knowledge in his professional relation, and were necessary to enable him to treat the patient. The analogy fails because of the difference in the statute involved in the case at bar and that which excludes the testimony of the physician. The patient, by failure to object to the disclosure against which the statute protects him, waives his statutory right. The privilege is the patient's, not the physician's. Lincoln v. City of Detroit, 101 Mich. 249, 59 N. W. 617. In this case the official having the custody of the statement he declined to produce is forbidden by the express terms of the statute "to make or allow to be made, willfully or knowingly, any other or unlawful use of any such statement" than that prescribed by the section, is made liable to an action for damages. The statute imposes the like liability upon any person who shall make such other use of the statement. This broad prohibition excludes the theory that the taxpayer's consent to the production or use of the statement authorizes the supervisor or assessor to produce or use it, except for the purposes designated in the statute. Neither the taxpayer nor the tax officer has any privilege under the act, but each has duties which he is bound to discharge. The former must "make out and deliver to the supervisor or assessor on demand a sworn statement," etc. The supervisor or assessor has three duties: (1) To file such statement. (2) To present it to the board of review "for the use of said board." (3) "After the assessment is reviewed," to deposit "all such statements in the office of the township or city clerk as the case may be," whose

duty it is to preserve them "until after the next assessment is made and completed, after which they may be destroyed on the order of the township or city council."

The purpose of the provisions of section 3846 is plainly to promote the collection from each taxpayer of his just share of state, county, and municipal taxes, and to that end to require from each property owner the full disclosure of all his taxable property under the state's pledge that the statement shall be kept inviolate, save to the officials for whose information and guidance it was made. To permit that information to become public would defeat the plain purpose of the statute by deterring the taxpayer from revealing what frequently could not be learned from any other source. Section 3843 makes it a misdemeanor, punishable by fine or imprisonment, or both, for the taxpayer to refuse to make "a true and correct statement" under oath, and thus seeks by its penalty for refusal and by making such statement an absolutely privileged communication to the state only to obtain and insure as far as possible a just basis for the apportionment of public burdens. To sanction the violation of that pledge by denying the taxpayer the protection of the statute would invite refusals to obey the law, evasions, and perjury, often injuriously affect the interests of the taxpayer, would obstruct the collection of taxes, and diminish the revenues of the state. The power of the Legislature to prevent these consequences is unquestionable. The wisdom and policy of the act must be conclusively assumed. Its meaning is unequivocal, and needs no construction. A like statute was sustained in Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846. The reasoning of that case upholds the views above expressed. See, also, cases cited in 17 Am. & Eng. Encyc. of Law, p. 51, and notes, tit. "Privileged Communications." Apart from what has been said, it is clear, also, that the state statute (sections 3843, 3846) is a rule of evidence which the courts of the United States will enforce. Connecticut Life Ins. Co. v. Union Trust Co., 112 U. S. 254, 255, 5 Sup. Ct. 119, 28 L. Ed. 708. It would appear from the certificate of the referee that the production of the statement could not have been compelled for other reasons, but these need not be discussed.

It must be certified to the referee that the witness Guiney cannot lawfully produce the filed statement of the bankrupt in court, nor can he be compelled to produce the same.