## PERRY v. HANNAGAN.

1. WITNESSES—EVIDENCE—PHYSICIANS AND SURGEONS—PRIVILEGE—STATUTES.

  Statute prohibiting physician or surgeon from disclosing information acquired in attending patient is restricted to matters necessary to enable doctor to prescribe for such patient as physician, or to do any act for him as surgeon (3 Comp. Laws 1929, § 14216).

2. SAME—MOTOR VEHICLES—INTOXICATION.

  In action for damages caused by defendant's automobile running into rear end of threshing machine on highway, testimony by physician, who gave first aid to defendant, that he noticed odor of liquor on defendant's breath was properly admitted; said information not being privileged under 3 Comp. Laws 1929, § 14216, because it was not necessary to enable physician to treat defendant's cuts and bruises.

  POTTER and WIEST, JJ., dissenting.

3. TRIAL—PROOFS CONTROLLED BY DECLARATION AND NOT OPENING STATEMENT.

  In action for damages, proofs are not limited to matters mentioned in opening statement of plaintiff's counsel, but declaration controls.

4. MOTOR VEHICLES—ABSENCE OF WARNING LIGHT—TRIAL—INSTRUCTION—PROXIMATE CAUSE—STATUTES.

  In action for damages caused by defendant's automobile running into rear end of threshing machine at twilight hour of summer evening, trial court properly submitted to jury question as to whether there was sufficient daylight at time of accident to render want of statutory warning light on rear end of threshing machine not proximate cause of accident (1 Comp. Laws 1929, § 4736).

5. DAMAGES—EVIDENCE OF VALUE.

  In action for damages to threshing machine caused by collision with defendant's automobile, evidence of value, held, sufficient to justify verdict for plaintiff.

Appeal from Kent; Miles (Fred T.), J., presiding. Submitted October 29, 1931. (Docket No. 181, Calendar No. 35,984.) Decided March 2, 1932.

Case by John Perry against Francis C. Hannagan for damages sustained by plaintiff's threshing machine alleged to be due to defendant's negligence. Cross-action in case by defendant against plaintiff for personal injuries and property damage. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kim Sigler,* for plaintiff.

*Rodgers & Dunn,* for defendant.

WIEST, J. (*dissenting*). At the twilight hour of a summer evening, upon a public highway, defendant drove his automobile, at a speed of from 30 to 40 miles per hour, into the rear end of a threshing machine. This suit was brought to recover damages occasioned the threshing machine. Defendant, under plea and cross-declaration, sought recovery for personal injuries and damage to his automobile. Upon trial, by jury, plaintiff had verdict. Defendant reviews by appeal.

Plaintiff's declaration alleged that defendant was under the influence of liquor. After the accident defendant was given first aid by a physician, and plaintiff called the physician at the trial, and, over objection, elicited testimony that the physician, at the time of consultation, noticed the odor of liquor upon defendant's breath. This constituted a violation of privilege and was prejudicial error. Whatever was indicated to the physician while acting professionally, whether by word, sense of sight,

smell or observation, was privileged and, as such, excluded by statute. A case in point is *Freeburg v. State,* 92 Neb. 346 (138 N. W. 143, Ann. Cas. 1913E, 1101). Cases, however, may be found confining the privilege to matters necessary to treatment of the patient. We look upon such cases, however, as contrary to the spirit of the statute.

Two lines of thought appear in the decisions, both based upon the fact that the statute is in derogation of the common law; one line being that the purpose of the statute should be recognized and subserved, and the other that, the statute being in derogation of the common law, should receive strict construction.

The statute, 3 Comp. Laws 1929, § 14216, provides:

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon."

The statute is in line, to some extent, with the following part of the "Hippocratian oath," long antedating the common law:

"Whatever in connection with my professional practice, or not in connection with it, I see or hear in the life of man which ought not to be spoken abroad, I will not divulge, as reckoning that all such should be kept secret."

It is reasonable to assume that the physician, when he discovered the odor of liquor upon the breath of the patient, was careful to disassociate

manifestations governed thereby, if any, from those the result of shock or injuries. This he would naturally do in order to ascertain the injured condition of the patient and to prescribe what should be done. The jury would, therefore, attach much importance to his observation. But, it is said, the statute only excludes information which was necessary to enable the physician to prescribe for the patient or serve him as a surgeon. Our attention is directed to *Lincoln* v. *City of Detroit,* 101 Mich. 245, and *Steketee* v. *Newkirk,* 173 Mich. 222. Those cases are not decisive of this. In order to prescribe, a physician must diagnose.

"The word 'prescribe' * * * should be given as liberal and enlarged an effect as the word itself will bear in the connection found." *In re Will of Bruendl,* 102 Wis. 45 (78 N. W. 169).

Admission of the testimony was not only violative of the privilege but highly prejudicial.

There is no merit in the point that proofs in the case must be limited to matters mentioned in the opening statement of counsel for plaintiff. The declaration, rather than the opening statement, controls.

Defendant claims that plaintiff had no light on the rear of the threshing machine and such was negligence and the proximate cause of the accident.

A traction engine was drawing the separator. Defendant requested the court to instruct the jury that such a threshing outfit came within the provisions of paragraph (e), § 44, Act No. 90, Pub. Acts 1929 (1 Comp. Laws 1929, § 4736), which provides:

"All trucks weighing more than two tons and all tractors, trailers and buses operated on the public highways * * * shall display in the front and

in the rear three green warning lights of sufficient candle power to be plainly visible at a distance of not less than two hundred feet."

The court did instruct the jury relative to the claim of defendant that plaintiff did not have a light on the rear of the separator, as the law required, after sundown, and left to the jury the disputed question of whether there was sufficient daylight, at the time of the accident, to render want of warning lights not the proximate cause of the accident.

In *Gleason* v. *Lowe,* 232 Mich. 300, we said of a statute requiring a light on a wagon after sunset:

"The elementary rules of care * * * are in no sense qualified by the statute requiring a light to be displayed on a wagon. That statute remits no precautions to be taken or care to be exercised by an automobile driver."

Plaintiff averred destruction of the separator and offered evidence of the value of the machine. The value of a used separator is somewhat difficult of exact measurement, but we think the evidence on the subject was sufficient to justify the verdict.

For the error pointed out the judgment should be reversed, with costs to defendant, and a new trial granted.

POTTER, J., concurred with WIEST, J.

SHARPE, J. In my opinion, the testimony of Dr. McIntyre that, when defendant was brought to his office for first aid treatment for the cuts and bruises he had received in the collision, he "noticed an odor of liquor on his breath," was admissible. The statute (3 Comp. Laws 1929, § 14216), quoted by

Mr. Justice WIEST, prohibits a physician or surgeon from disclosing—

"any information which he may have acquired in attending any patient in his professional character, *and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon.*"

As here applied, the language italicized clearly restricted the information to matters necessary to enable the doctor acting as a surgeon to treat defendant's cuts and bruises. Referring to this language in *Campau* v. *North,* 39 Mich. 606, 609 (33 Am. Rep. 433), it was said:

"And yet this is one of the fundamental conditions for exclusion which the statute specifies."

No claim is here made that the defendant went to the doctor's office for treatment on account of an intoxicated condition. Two other witnesses who saw the defendant at the scene of the accident testified that his breath smelled of liquor.

In *People* v. *DeFrance,* 104 Mich. 563, 570 (28 L. R. A. 139), this court, after stating that "at the common law" information gained by a physician or surgeon while in attendance upon his patient was not privileged, said:

"The purpose of this statute was to throw around such disclosures as the patient is bound to make for the information of his attending physician the cloak of secrecy, and the prime object of the act was to invite confidence in respect to ailments of a secret nature, and the spirit of the act would not include a case where the infirmity was apparent to every one on inspection."

A similar question was before this court in *Lincoln* v. *City of Detroit,* 101 Mich. 245. The last paragraph of the syllabus reads:

"A physician testified in behalf of the defendant that he made an examination of the plaintiff after he was injured, and was then asked to state whether, at the time of such examination, the plaintiff was under the influence of liquor. The witness declined to answer on the ground of privilege, and was sustained by the court, although no objection was made by the plaintiff to the proposed testimony. And it is held that it was error to exclude the testimony; that the privilege claimed was that of the plaintiff, and not of the witness; and, besides, it did not appear that the information as to plaintiff's condition was necessary in order to enable the physician to prescribe for his ailment."

In *Scripps* v. *Foster,* 41 Mich. 742, 748, it was said:

"The object of the statute (2 Comp. Laws [1871], § 5943), is to prevent the abuse of the confidential relation existing between the physician and his patient and is for the protection of the latter. Where the relation is such that no confidence is reposed there is none to be abused."

While I think a liberal construction should be given to the word "necessary" as used in the statute, when considered as a whole, it should not be construed as prohibiting the doctor from testifying as he did in this case.

I concur with Mr. Justice WIEST in his conclusion as to the other questions presented. The judgment is affirmed.

CLARK, C. J., and McDONALD, NORTH, FEAD, and BUTZEL, JJ., concurred with SHARPE, J.