RUMBOS *v.* SINGOS.

1. PLEADING—ASSUMPSIT—FRAUD—DURESS—LACK OF CONSIDERA-
TION.
    Fraud, duress and lack of consideration may be asserted in an
    assumpsit form of action (CL 1948, § 611.1).

2. SAME—ASSUMPSIT—FRAUD—COMMON COUNTS.
    A joinder of the common counts with a fraud claim in an as-
    sumpsit declaration is permissible (CL 1948, §§ 608.1, 611.1;
    Court Rules Nos 17, § 6; 19, § 1 [1945]).

3. SAME—JOINDER OF CLAIMS FOR FRAUD AND LACK OF CONSIDERATION
    —ASSUMPSIT.
    Requiring plaintiff to elect between fraud claim, properly stated
    in her declaration, and her claim for lack of consideration, in
    action based on an implied promise *held,* error, since both
    claims could be joined in an action of assumpsit (CL 1948,
    §§ 608.1, 611.1).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted October 6, 1949. (Docket No. 38, Calendar
No. 44,482.) Decided January 9, 1950.

Action by Senia Rumbos against John Singos and
wife for moneys had and received through fraud
and duress. Directed verdict and judgment for de-
fendants. Plaintiff appeals. Reversed and new trial
granted.

*J. H. M. Alexander,* for plaintiff.

*Edward L. Fleming* (*David C. Pence,* of counsel),
for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur, Fraud and Deceit, § 251.

BUSHNELL, J. This is an appeal by plaintiff Senia Rumbos from a judgment entered on a directed verdict of no cause of action.

Plaintiff operated a restaurant in property she occupied as the tenant of defendants John Singos and Marian Singos, his wife. Her original declaration was in assumpsit on the common counts and for moneys had and received. She alleged that defendants, by fraud and duress, exacted $2,270 from her as a condition to the sale of her restaurant business and transfer of her lease to the buyer.

Defendants, by an oral motion at the opening of the trial and before a jury was impaneled, attacked the declaration as inadequate in not stating whether the cause was in assumpsit or tort. Plaintiff then amended, restating the common counts, the claim of moneys had and received, and specifying that in so pleading she relied upon an implied promise in accordance with CL 1948, § 611.1 (Stat Ann § 27.651). After this amendment defendants' second motion to dismiss was denied.

In his opening statement at the trial plaintiff's attorney said that his client's action was in assumpsit for moneys had and received. During plaintiff's direct examination defendants objected to testimony regarding the transfer of the lease, claiming such testimony irrelevant under the declaration. Plaintiff's counsel replied that he relied upon his declaration and the amendment thereto. The trial judge, in sustaining defendants' objection, stated that plaintiff had elected to rely on the common counts and could only recover if there was lack of consideration. All testimony regarding plaintiff's tort claim was ruled inadmissible. At the conclusion of plaintiff's proofs the court directed a verdict for defendants on the ground that consideration had been shown for the moneys paid by plaintiff to defendants.

Plaintiff's claims in tort and for lack of consideration may be asserted in an assumpsit form of action. See statute, *supra*. A joinder of the common counts with a fraud claim in an assumpsit declaration is also permissible. (CL 1948, § 608.1 [Stat Ann § 27.591]); Court Rules Nos 17, § 6, and 19, § 1 (1945); *First National Bank of Ovid* v. *Steel,* 136 Mich 588; *Hogle* v. *Meyering,* 161 Mich 472; and *Kirker* v. *Larson,* 254 Mich 648.

The trial judge took the position that the fraud claim was properly stated, but required plaintiff to elect between it and her claim for lack of consideration. This was error. *Ward* v. *Cook,* 158 Mich 283, and *Shambleau* v. *Hoyt,* 265 Mich 560. Nor did plaintiff's counsel make a voluntary election in his opening statement. *Perry* v. *Hannagan,* 257 Mich 120.

The pleadings are not clear and the issues remain in doubt. The judgment is vacated, a new trial is granted, and the cause is remanded with leave to amend the pleadings. Costs in both courts to abide final disposition of the matter.

REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred with BUSHNELL, J. BOYLES, C. J., concurred in the result.