RUMBOS *v.* SINGOS.

1. PLEADING—AMENDMENT—REMAND.

Motion to dismiss declaration, joining claims of fraud, duress, and lack of consideration with the common counts, in an assumpsit action, made on remand from Supreme Court which had characterized the pleadings as "not clear" and stated that "the issues remain in doubt" and remanded the cause "with leave to amend the pleadings," was properly granted, where amendment of declaration, subsequently withdrawn, left the declaration unclarified.

2. STIPULATIONS—CONSTRUCTION—WITHDRAWAL OF AMENDMENT OF PLEADING.

Claim that stipulation withdrawing amendment to declaration was for retrial by jury without regard to the sufficiency of

---

the declaration *held,* without merit, on appeal from order granting defendants' motion to dismiss declaration, made on remand from Supreme Court which had characterized pleadings as "not clear," stated that "issues remain in doubt" and remanded the cause "with leave to amend the pleadings."

3. COSTS—APPEAL.

Costs of both trial court and Supreme Court in both first and second appeals are granted appellees on affirmance of order granting their motion to dismiss, where, on first appeal, costs in both courts were to abide final disposition of the case.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 4, 1950. (Docket No. 27, Calendar No. 44,845.) Decided December 5, 1950.

Action by Senia Rumbos against John Singos and wife for moneys had and received through fraud and duress. New trial granted by Supreme Court with leave to amend pleadings. Motion to dismiss granted on failure to amend pleadings. Plaintiff appeals. Affirmed.

*J. H. M. Alexander,* for plaintiff.

*David C. Pence,* for defendants.

BOYLES, C. J. This is a second appeal after this Court had vacated a judgment for the defendants on a directed verdict and granted plaintiff a new trial. *Rumbos* v. *Singos,* 326 Mich 654.

On the record before us on the first appeal the plaintiff's declaration had joined claims of fraud, duress, and lack of consideration with the common counts, in an assumpsit action. The trial court erred in requiring the plaintiff to elect between the claims of fraud and lack of consideration, and in excluding testimony as to plaintiff's claims based on tort, thus limiting recovery to plaintiff's claims on the common counts. In granting a new trial, this Court said:

'"The pleadings are not clear and the issues remain in doubt. The judgment is vacated, a new trial is granted, and the cause is remanded with leave to amend the pleadings. Costs in both courts to abide final disposition of the matter."

On the new trial, the plaintiff filed an amendment to her declaration, merely setting up that, in addition to the $2,270 which she claimed had been obtained from her by the defendants, "by continuance of their duress, fraud, coercion and connivance," another amount of $1,000 had been obtained by the defendants "surreptitiously as a commission, for which plaintiff was not liable, * * * increasing plaintiff's damages * * * to $3,270." A similar amendment to plaintiff's bill of particulars was filed.

The defendants filed a motion to strike from the declaration all reference to fraud, duress and tort, on the grounds (1) that the allegations were general and indefinite, (2) failed to allege any acts tending to show fraud, (3) that the amendment failed to make the declaration more definite as to fraud and duress. The court ruled that the plaintiff, instead of amending and clarifying the allegations of fraud, had merely added another claim for damages, and granted to plaintiff an additional 15 days to file an amended declaration specifically alleging and setting forth acts of fraud, misrepresentation or "surreptitiousness;" and the amendment to the declaration was withdrawn by plaintiff.

Counsel for the parties filed a stipulation that the amendment to the declaration and the bill of particulars, claiming additional damages of $1,000 and increasing the claimed damages from $2,270 to $3,270, "be and hereby is withdrawn and excluded from the files and records and shall not be interposed on jury retrial ordered by the Supreme Court and that the original declaration and amendment for claimed $2,270 damages upon which the case was originally tried and appealed by plaintiff shall in all respects remain

in full force and effect for retrial by jury at the April, 1950 term."

Thereupon the defendants filed a motion to dismiss the cause on the following grounds:

"(1) That the declaration now on file in this cause contains no allegations of fraud, duress, misrepresentation or any other allegations of tort resulting in said plaintiff's right of recovery being based solely upon the assumpsit claim for money had and received without consideration moving from the defendant to the plaintiff.

"(2) That the claim of the plaintiff based upon the common counts of money had and received without consideration has been fully adjudicated in a trial held before Honorable Frank L. Doty in the circuit court for the county of Oakland.

"(3) That upon the failure of the plaintiff to file an amended declaration as heretofore ordered, the issue between the parties is left wholly in assumpsit and not in tort, and that all questions raised by such assumpsit action have been heretofore adjudicated and passed upon by Honorable Frank L. Doty in a trial held on the 5th and 6th days of October, 1948, wherein said court granted a motion for a directed verdict in favor of the defendants holding that the moneys sued for were paid to the defendants upon the passing of a good and valuable consideration.

"(4) That upon plaintiff's failure to file an amended declaration as heretofore ordered, this court is left without any issue to pass upon by a trial of this cause."

The court, relying on the situation that the declaration had not been amended to state a cause of action in tort, granted the motion. Plaintiff appeals.

The motion was properly granted. Plaintiff obviously refused to amend and clarify her declaration and the court properly held, as suggested by this Court, that the declaration was not clear, the issues remained in doubt, and that it should be amended. There is no merit in appellant's present claim that the stipulation entered into and filed by counsel was for a retrial by jury without regard to the sufficiency of the declaration on which plaintiff insisted upon relying. Other questions raised by appellant are equally without merit.

Affirmed, with costs to appellees of both courts in both appeals.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.