MESSECAR v CITY OF GARDEN CITY

Docket No. 96985. Submitted April 12, 1988, at Detroit. Decided July 21, 1988.

Clayton Messecar was walking along Henry Ruff Road in Garden City. After crossing Dawson Street, Messecar walked on a path before reaching the sidewalk. The path, which was level with the sidewalk when the sidewalk was installed, had eroded so that there was a six- to eight-inch rise between the path and the sidewalk. Messecar lost his balance while stepping up onto the sidewalk from the path and fell, hitting his forehead. The fall produced a subdural hematoma, from which Messecar died. Albert Messecar, personal representative of the estate of Clayton W. Messecar, deceased, filed a negligence action against the City of Garden City, the owner of the berm upon which the path and sidewalk was located, in Wayne Circuit Court. Defendant moved for summary disposition on the ground of governmental immunity. The motion was denied, Beverley Anne Jasper, J., and plaintiff was permitted to amend his complaint to allege intentional nuisance. The jury returned a verdict in favor of plaintiff on the negligence count, but found that the conditions about which he complained did not constitute an intentional nuisance. Garden City appealed, contending that plaintiff's claims are barred by governmental immunity, the trial court abused its discretion in allowing plaintiff to amend his complaint to allege intentional nuisance, and plaintiff did not properly plead and prove his intentional nuisance claim.

The Court of Appeals *held:*

1. Defendant is liable for the defective construction and maintenance of the sidewalk and berm that produced the drop-off where Clayton Messecar fell.

2. Plaintiff pled sufficient facts in avoidance of governmental immunity.

3. Any error the court may have committed in allowing

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103 *et seq.*

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5 *et seq.,* 137 *et seq.,* 661 *et seq.*

See the Index to Annotations under Governmental Immunity or Privilege; Highways and Streets.

plaintiff to amend his complaint to allege intentional nuisance is harmless and does not constitute grounds for reversal since the jury found in defendant's favor on the intentional nuisance claim.

Affirmed.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — NEGLIGENCE — MUNICI-PALITIES — SIDEWALKS — BERMS.

   The defective highway exception to governmental immunity exists where a governmental agency's failure to maintain a highway under its jurisdiction in reasonable repair causes bodily injury or property damages; under the exception, municipalities are liable for the defective construction or maintenance of public highways, roads, and streets open for public travel, including bridges, sidewalks, crosswalks, and culverts on the highway, and the exception extends to berms (MCL 691.1401, 691.1402; MSA 3.996[101], 3.996[102]).

2. GOVERNMENTAL IMMUNITY — AVOIDANCE OF IMMUNITY — PLEAD-ING.

   A plaintiff when pleading a cause of action against a governmental entity entitled to immunity under the governmental tort liability act has an affirmative duty to plead facts in his or her complaint in avoidance of immunity (MCL 691.1401 *et seq.*; MSA 3.996[101] *et seq.*).

3. GOVERNMENTAL IMMUNITY — INTENTIONAL NUISANCE.

   There is no intentional nuisance exception to governmental immunity from tort liability.

*Bloom, Prahler & Kavanaugh* (by *James M. Prahler*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Timothy Young*), for defendant.

Before: DANHOF, C.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant, Garden City, appeals as of right from a jury verdict and judgment which awarded plaintiff, Albert Messecar, damages for injuries sustained by Clayton Messecar as a result

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of a fall on a sidewalk in Garden City. On appeal, defendant contends that plaintiff's claims are barred by governmental immunity, the trial court abused its discretion in allowing plaintiff to amend his complaint to allege intentional nuisance, and plaintiff did not properly plead and prove his intentional nuisance claim. We affirm.

On August 25, 1982, eighty-three-year-old Clayton Messecar was walking along Henry Ruff Road in Garden City. After crossing Dawson Street, he walked about eight to ten feet on a path before reaching the sidewalk. Defendant owned the berm between Dawson Street and the sidewalk. When the sidewalk was installed in 1958, it was level with the berm. The path eroded, leaving a six- to eight-inch rise between it and the sidewalk.

Clayton Messecar lost his balance while stepping up onto the sidewalk from the path. He fell on his forehead. The fall produced a subdural hematoma (blood clot on the brain). The hematoma caused Clayton Messecar's death.

Plaintiff filed a negligence complaint against defendant. Defendant's motion for summary disposition based upon governmental immunity was denied. Plaintiff was allowed to amend his complaint to allege intentional nuisance. The jury returned a verdict in favor of plaintiff on the negligence count, but found that the conditions about which he complained did not constitute an intentional nuisance.

We first consider whether plaintiff's claims are barred by governmental immunity. The defective highway exception to governmental immunity exists where a governmental agency's failure to maintain a highway under its jurisdiction in reasonable repair causes bodily injury or property damage. MCL 691.1402; MSA 3.996(102). This exception applies to municipal corporations such as

defendant. MCL 691.1401(a) and (d); MSA 3.996(101)(a) and (d). The term "highway" includes sidewalks. MCL 691.1401(e); MSA 3.996(101)(e).

Under MCL 691.1402; MSA 3.996(102), municipalities are liable for the defective construction or maintenance of public highways, roads, and streets open for public travel, including bridges, sidewalks, crosswalks, and culverts on the highway. *Davis v Chrysler Corp,* 151 Mich App 463, 469; 391 NW2d 376 (1986), lv den 428 Mich 869 (1987). The defective highway exception extends to berms. *Michonski v Detroit,* 162 Mich App 485, 494-495; 413 NW2d 438 (1987). Defendant is liable for the defective construction and maintenance of the sidewalk and berm that produced the drop-off where Clayton Messecar fell.

Defendant claims that plaintiff failed to plead facts in avoidance of governmental immunity because he did not allege a defect in the sidewalk itself. A plaintiff must plead facts in his or her complaint in avoidance of immunity. *Hoffman v Genesee Co,* 157 Mich App 1, 6; 403 NW2d 485 (1987), lv den 428 Mich 902 (1987). In his complaint, plaintiff alleged that the sidewalk was defective and that the approach to the sidewalk from the curb or edge of the street was negligently constructed in such a way as to be subject to erosion or washout, constituting a hazard to travel. Plaintiff pled sufficient facts in avoidance of immunity.

Defendant's next contention is that the trial court abused its discretion in allowing plaintiff to amend his complaint to allege intentional nuisance. Defendant further contends that plaintiff did not properly plead and prove his intentional nuisance claim. Our Supreme Court recently announced that there is no intentional nuisance

exception to governmental immunity. *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 172; 422 NW2d 205 (1988). We decline to further discuss *Hadfield* or defendant's arguments about plaintiff's intentional nuisance claim because the jury found in defendant's favor on that claim. Any error would be harmless and not constitute grounds for reversal. MCR 2.613(A).

Affirmed.