STEVENSON v CITY OF DETROIT

Docket No. 247074. Submitted July 13, 2004, at Detroit. Decided October 5, 2004, at 9:10 a.m. Leave to appeal sought.

Lisa Mitchell, individually and as next of friend of LaVale Stevenson, a minor, brought an action in the Wayne Circuit Court against the city of Detroit, alleging liability under the highway exception to governmental immunity from tort liability. Stevenson, while riding a bicycle on a street maintained by defendant, had jumped over the curb to avoid an approaching vehicle. Stevenson sustained injuries when he landed on a berm, i.e., a strip of land between the street and a sidewalk, and sunk into sand placed by the defendant's water department in an area that was excavated to repair a water main break. The defendant moved for summary disposition, arguing that the berm was not included within the definition of the term "highway" under MCL 691.1401(e), and that the highway exception to governmental immunity did not apply. The court, Robert L. Ziolkowski, J., denied summary disposition to the defendant, ruling that the berm was a natural extension of the sidewalk and thus was included within the definition of highway, making the highway exception to governmental immunity applicable. MCL 691.1402(1). The defendant appealed.

The Court of Appeals *held*:

The immunity conferred on governmental agencies by MCL 691.1407 is broad and the highway exception to governmental immunity must be narrowly construed so that there is strict compliance with the conditions and restrictions of MCL 691.1402(1). A "highway" is defined as a public highway, road, or street that is open for public travel and includes sidewalks. MCL 691.1401(e). Abiding by the guiding principles set forth in *Narwocki v Macomb Co Rd Comm*, 463 Mich 143 (2000), the highway exception to governmental immunity does not apply because the plain language of MCL 691.1401(e) does not include within the definition of "highway" a berm as defined in this case.

Reversed.

COOPER, J., dissenting, would find that a berm is within the definition of "highway," MCL 691.1401(e), even under a narrow construction of the exception, on the basis of longstanding prece-

dent that a berm is a natural extension of a sidewalk. In several cases going back almost one hundred years our Supreme Court has recognized that a berm is under a city's jurisdiction, is a natural route of travel of which the city must be cognizant, and the city is not relieved from the duty of maintaining such routes of travel in proper condition. Further, the more recent cases by this Court that have recognized that a berm is part of a highway for purposes of the highway exception are based on the Supreme Court's long-standing case law and have not been overruled. Therefore, the trial court's denial of the defendant's motion for summary disposition should be affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — NARROW CONSTRUCTION OF EXCEPTION.

The definition of "highway," which includes sidewalks on a highway, must be narrowly construed for purposes of the highway exception to governmental immunity; a berm, the grassy area between a street curb and a sidewalk, is not a natural extension of the sidewalk and therefore is not within the definition of "highway" (MCL 691.1401[e]; 691.1402[1]).

*Posner, Posner & Posner* (by *Samuel Posner*) for the plaintiff.

*Ruth C. Carter*, Corporation Counsel, and *Joanne D. Stafford*, Assistant Corporation Counsel, for the defendant.

Before: JANSEN, P.J., and METER and COOPER, JJ.

METER, J. Defendant appeals as of right from an order denying it summary disposition in this negligence action involving an alleged injury that occurred on a "berm"—a strip of land between a public road and a sidewalk.[1] Defendant argues that the trial court erred in holding that a berm is included in the definition of

---

[1] For purposes of this opinion, the term "berm" will be used to represent the strip of grass between a public road and a sidewalk. This Court has used the term "berm" to represent this area. See *Michonski v Detroit*, 162 Mich App 485, 488; 413 NW2d 438 (1987). The actual

"highway" in MCL 691.1401(e) and that, accordingly, the highway exception to governmental immunity applies to this case. Defendant argues that a berm is not in fact considered part of a highway, that the highway exception to governmental immunity does not apply to this case, and that it therefore is immune from tort liability under MCL 691.1407. We agree and therefore reverse.

## I. FACTS

In July 1997, LaVale Stevenson, a minor, was riding his bicycle westbound on the south side of Evanston Street in Detroit when an eastbound vehicle approached him. Stevenson jumped over the curb and landed on the berm in order to maintain a safe distance from the vehicle. The Detroit Water Department had done some excavating on the berm earlier that day to fix a water main leak. The water department dug a large hole to work on the leak and, when finished, filled the area with sand. Stevenson's back tire landed in the hole and began sinking. Stevenson sunk up to his chin before a local woman came to his rescue and pulled him out of the hole. Stevenson claimed that there were no warnings or barricades surrounding the hole. Stevenson claimed that, as a result of the incident, he suffered injuries to his entire body, as well as severe psychological injuries.

In 2001, plaintiff, individually and as next friend of Stevenson, sued defendant, alleging that it was negligent in maintaining and repairing the public streets and highways within its jurisdiction. Defendant denied liability, arguing, in part, that governmental immunity applied.

---

definition of "berm" is "a level strip of ground at the summit or sides, or along the base, of a slope" or "the shoulder of a road." *Random House Webster's College Dictionary* (1997).

Defendant then filed a motion for summary disposition, arguing that a berm is not included in the definition of "highway" under MCL 691.1401(e) and that the highway exception to governmental immunity therefore did not apply to this case. Defendant argued that, because the alleged injury occurred on the berm adjacent to Evanston Street, it was immune from tort liability under MCL 691.1407. Plaintiff responded to defendant's motion for summary disposition by arguing that, according to binding Michigan case law, a berm located next to a street is covered under the highway exception to governmental immunity.

The trial court denied defendant's motion for summary disposition based on governmental immunity, holding that a berm is a natural extension of a sidewalk and is therefore included in the definition of highway under MCL 691.1401(e).

## II. STANDARD OF REVIEW

We review de novo a trial court's grant or denial of summary disposition. *Haliw v Sterling Hts*, 464 Mich 297, 301; 627 NW2d 581 (2001). In reviewing a motion brought under MCR 2.116(C)(7), "[w]e consider all documentary evidence submitted by the parties and accept as true the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence." *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999). In the instant case, we must review the pleadings and documentary evidence to determine whether the nonmoving party established an exception to governmental immunity. *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 289-290; 618 NW2d 98 (2000). The determination of the applicability of the highway exception to governmental immunity is

a question of law subject to review de novo on appeal. *Meek v Dep't of Transportation*, 240 Mich App 105, 110; 610 NW2d 250 (2000).

III. ANALYSIS

The governmental immunity act, MCL 691.1407, provides that governmental agencies, including municipalities such as defendant, are immune from tort liability whenever they are engaged in the exercise or discharge of a governmental function, except as otherwise provided in the act. *Weakley v Dearborn Hts (On Remand)*, 246 Mich App 322, 325; 632 NW2d 177 (2001). Governmental function is defined, in part, as an "activity that is expressly or impliedly authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(f). It is not disputed that defendant engaged in a governmental function when its water department took steps to repair the water main break on Evanston Street. What is in dispute is whether one of the statutory exceptions to governmental immunity applies to this case.

In an attempt to avoid governmental immunity, plaintiff relied on the highway exception, MCL 691.1402, which provides, in relevant part:

> [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

A "highway" is defined under the act as "a public highway, road, or street that is open for public travel

and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles." MCL 691.1401(e). Defendant argues that the statute should be construed narrowly and that a berm is not within the plain meaning of the definition of a "highway." Plaintiff claims on appeal that a berm is a natural extension of the sidewalk and therefore is included within the definition of a "highway."

In dealing with issues regarding the highway exception, we must abide by the principles that the immunity conferred on governmental agencies is broad and that the statutory exceptions should be narrowly construed in accordance with their plain language. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 149-151, 158; 615 NW2d 702 (2000). The *Nawrocki* Court noted that "such an approach will maintain fidelity to the requirements set forth by the Legislature, while providing the lower courts with a clearer standard to follow when applying the highway exception in individual cases." *Id.* at 150. The Court further noted that because MCL 691.1402(1) "is a narrowly drawn exception to a broad grant of immunity, there must be strict compliance with the conditions and restrictions of the statute." *Id.* at 158-159.

This Court applied the above principles to the highway exception in *Weaver v Detroit*, 252 Mich App 239; 651 NW2d 482 (2002). In *Weaver*, this Court held that the highway exception to governmental immunity does not apply to streetlight poles, because they are not specifically included within the definition of the term "highway" under MCL 691.1401(e). *Weaver, supra* at 245-246. The *Weaver* Court emphasized the *Nawrocki* Court's statement that " 'the immunity conferred upon governmental agencies is *broad,* and the statutory ex-

ceptions thereto are to be *narrowly* construed.' " *Id.* at 245, quoting *Nawrocki, supra* at 158 (emphasis in *Nawrocki*). The *Weaver* Court stated, "we reject as inconsistent with the plain language of the statute the holding . . . that a streetlight pole is part of the 'highway' because it is not specifically excluded from the definition of 'highway' in MCL 691.1401(e)." *Weaver, supra* at 246.

The reasoning from *Weaver* applies with equal force to the instant case. The highway exception to governmental immunity does not apply here because the plain language of MCL 691.1401(e) does not support the conclusion that berms are included within the definition of the term "highway." *Weaver, supra* at 245-246. A highway is currently defined as "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway." MCL 691.1401(e). Alleys, trees, and utility poles have specifically been excluded from the definition of highway. MCL 691.1401(e). A berm, as it is defined for purposes of the instant case, does not constitute a "highway." The plain language of the statute simply does not support the conclusion that berms are included within the statutory definition of the term "highway."

In support of her argument, plaintiff cites *Michonski, supra, Messecar v Garden City,* 172 Mich App 519; 432 NW2d 311 (1988), and *Ali v Detroit,* 218 Mich App 581; 554 NW2d 384 (1996). We conclude that none of these cases can logically be used to uphold plaintiff's argument. In *Michonski, supra* at 488, 493-495, this Court allowed the plaintiff to maintain a tort claim against the city for an accident occurring when a light pole located on a berm collapsed. A careful reading of the Court's opinion demonstrates that it relied heavily on the

then-existing fact that the city was responsible for maintaining light poles. *Id.* As noted, this notion no longer holds true. *Weaver, supra* at 245-246. Moreover, the *Michonski* decision was issued in 1987 and therefore is not strictly binding on this Court under MCR 7.215(J)(1) (providing that the Court of Appeals must follow rules of law established in published opinions of the Court of Appeals issued on or after November 1, 1990, that have not been reversed or modified by the Supreme Court or by a special panel of the Court of Appeals). *Michonski* lends no binding support to plaintiff's argument.

In *Messecar, supra* at 522, the Court stated that "[t]he defective highway exception extends to berms[,]" but it cited only *Michonski* in support of this proposition. As discussed, the central holding of *Michonski* is no longer tenable in light of *Weaver.* Therefore, the reasoning of *Messecar* lends no binding support to plaintiff's argument. Moreover, *Messecar,* like *Michonski* and unlike *Weaver,* was issued before the triggering date set in MCR 7.215(J)(1).

Finally, in *Ali, supra* at 589, this Court, citing *Messecar,* stated that a berm could be considered a natural extension of a sidewalk. This statement from *Ali,* however, constituted obiter dictum because it was not necessary for the resolution of the case. *Quality Products & Concepts Co* v *Nagel Precision, Inc,* 469 Mich 362, 378-379; 666 NW2d 251 (2003). Accordingly, *Ali* lends no binding support to plaintiff's argument.

*Weaver* and *Nawrocki* constitute the controlling precedent here. Because the immunity conferred on governmental agencies is broad, and because the statutory exceptions should be narrowly construed in accordance with their plain language, we conclude that a berm is not included within the definition of the term "high-

way" and is thus not included within the highway exception to governmental immunity. *Nawrocki, supra* at 149-151; *Weaver, supra* at 245-246. Accordingly, the trial court erred in denying defendant's motion for summary disposition, because defendant was immune from liability in this case.[2]

Reversed.

JANSEN, P.J., concurred.

COOPER, J. (*dissenting*). I must respectfully dissent from the majority opinion. I would find that the trial court properly held, based on longstanding precedent, that the "berm" was a natural extension of the sidewalk and, therefore, fell within the definition of "highway" provided in MCL 691.1401(e). I would, therefore, affirm the trial court's denial of defendant city of Detroit's motion for summary disposition.

In *Nawrocki v Macomb Co Rd Comm*,[1] the Michigan Supreme Court noted the "return to a narrow construction of the highway exception predicated upon a close examination of the statute's plain language . . . ."[2] Even

---

[2] We decline to address the unpreserved additional issue that plaintiff raises on appeal. *Bombalski v Auto Club Ins Ass'n*, 247 Mich App 536, 546; 637 NW2d 251 (2001). We further note that this Court recently convened a conflict panel under MCR 7.215(J)(3) to determine if the panel in *Marchyok v Ann Arbor*, 260 Mich App 684; 679 NW2d 703 (2004), was correct in holding that municipalities are immune with respect to injuries resulting from defective traffic control devices. *Johnson-McIntosh v Detroit*, 261 Mich App 801 (2004). While expressing no opinion regarding the proper outcome of the conflict panel, we nevertheless note that a defective "berm" as defined in the instant case is fundamentally different from a defective traffic control device, which can directly affect a person's use of the street itself.

[1] *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000).

[2] *Id.* at 150.

under a narrow construction of that statute and based on long-standing precedent, however, a berm falls within the highway exception.

The grassy area between the sidewalk and the street, referred to as a berm in this case, has long been considered a natural route of travel. In the early twentieth century, the Michigan Supreme Court found that:

> In going upon the ornamental grass plat, between the sidewalk and the curb line, plaintiff was not a trespasser. That ground is as much a part of the street as any other ground within its limits, and no citizen could be guilty of trespass in going upon it or over it.[3]

Twenty years later, the Court again recognized that pedestrians have a right to be on a city berm and specifically indicated that a municipality has a statutory duty to maintain and repair that area.[4] In *Jablonski v Bay City*, the Court found that it was in the municipality's discretion to divide a highway into portions "devoted to the various purposes of travel . . . ."[5]

> But the city cannot lawfully, by the mere provision of suitable passageways for pedestrians, maintain dangerous and unreasonable obstructions or conditions in the street at places where people may reasonably be expected to go. It has the duty, in a well-traveled district, to keep the whole highway reasonably safe for travel. It cannot confine its citizens in a traffic groove. It must take into account the natural inclination of children to run about in play and the perverse insistence of adults to cut corners and cross streets and grass plats instead of following precisely the

---

[3] *Johnson v Bay City*, 164 Mich 251, 256; 129 NW 29 (1910). That case involved a municipality's negligent placement and maintenance of overhead electric lines on a city berm rather than a municipality's statutory duty to maintain the highway in a reasonably safe condition fit for public travel. *Id.*

[4] *Jablonski v Bay City*, 248 Mich 306, 309-310; 226 NW 865 (1929).

[5] *Id.* at 309.

beaten or provided path. Such departure from the sidewalk is not negligence per se in the individual, nor does it relieve the city of the duty to keep its streets in proper condition for travel at the places where people may reasonably be expected probably to walk.[6]

More recently, this Court determined that a berm is a part of a highway for purposes of the highway exception. In *Messecar v Garden City*,[7] upon which plaintiff relies, an elderly man was fatally injured while attempting to step from the berm onto a sidewalk which was six to eight inches higher.[8] In affirming the judgment in the plaintiff's favor, this Court held that "[t]he defective highway exception extends to berms."[9] In *Ali v Detroit*,[10] upon which the trial court relied, this Court agreed with the defendant city that an injury caused by a bus shelter affixed to a sidewalk or berm did not fall within a narrow construction of the highway exception to governmental immunity.[11] However, this Court did find, relying on *Messecar*, that a berm "can be considered a natural extension of the sidewalk."[12] Accordingly, a berm is part of the highway, even under a narrow construction of the exception. The principles stated within *Messecar* and *Ali* are based on a long history of Michigan Supreme Court case law which should not be cast aside so easily.

---

[6] *Id.* at 309-310, citing *Finch v Village of Bangor*, 133 Mich 149; 94 NW 738 (1903); *Baker v Grand Rapids*, 111 Mich 447; 69 NW 740 (1897); *Lincoln v Detroit*, 101 Mich 245; 59 NW 617 (1894). See also *Rufner v Traverse City*, 296 Mich 204, 210-211; 295 NW 620 (1941).

[7] *Messecar v Garden City*, 172 Mich App 519; 432 NW2d 311 (1988).

[8] *Id.* at 521.

[9] *Id.* at 522, citing *Michonski v Detroit*, 162 Mich App 485, 494-495; 413 NW2d 438 (1987).

[10] *Ali v Detroit*, 218 Mich App 581; 554 NW2d 384 (1996).

[11] *Id.* at 588.

[12] *Id.* at 589.

Those cases finding that a berm is part of the highway have not been overruled. The previous cases indicate that a berm is part of the highway on which people *actually travel*. This distinguishes a berm from a street light or a traffic control device. Furthermore, it would be illogical to find that a city has a duty to repair and maintain a city-controlled sidewalk and a city-controlled street, but not a small strip of city-controlled land falling in between. This strip of land has long been considered a part of the street, a natural extension of the sidewalk, and a common place for pedestrians to stray. Defendant, therefore, cannot avoid its duty to maintain and repair the berm as part of the highway. Accordingly, I would affirm.

I also must disagree with the majority's description of the issue before the recently convened conflict panel in *Johnson-McIntosh v Detroit*.[13] The issue before the conflict panel is whether a municipality is excepted from immunity with respect to injuries resulting from defective traffic control signals placed outside the improved portion of a county highway within the municipality pursuant to MCL 691.1402(1) and MCL 691.1402a.

---

[13] *Johnson-McIntosh v Detroit*, 261 Mich App 801 (2004).