# STATE OF MICHIGAN

# COURT OF APPEALS

ROYCE HOLMES,

Plaintiff-Appellee,

v

CITY OF DETROIT,

Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 314707
Wayne Circuit Court
LC No. 12-002084-NO

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition in this action based on an allegedly defective sidewalk. We reverse.

Defendant argues that the trial court erred when it denied its motion for summary disposition because there was no genuine issue of material fact regarding plaintiff's trip and fall; defendant contends that plaintiff tripped on a grassy berm between a city street and sidewalk. Defendant argues that it is immune from damages pursuant to the Governmental Tort Liability Act, MCL 691.1401 *et seq.*, because injuries caused by a condition of a berm do not fall under the public highway exception to governmental tort liability, and because there was no defect in the sidewalk next to the berm. We agree.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7). This Court reviews a trial court's decision on a motion for summary disposition de novo. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013). This Court "must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7)." *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). If there are no factual disputes, whether a motion for summary disposition under subrule (C)(7) should be granted is a question of law for the trial court to decide. *Id.* However, "when a relevant factual dispute does exist, summary disposition is not appropriate." *Id.* Ultimately, under subrule (C)(7), "summary disposition may be granted when a claim is barred because of

-1-

immunity granted by law." *Nash v Duncan Park Com'n*, 304 Mich App 599, 630; 848 NW2d 435 (2014).

"The governmental tort liability act, MCL 691.1401 *et seq.*, provides immunity from tort claims to governmental agencies engaged in a governmental function, as well as governmental officers, agents or employees." *McLean*, 302 Mich App at 73. There are six exceptions to governmental tort immunity. *Id.* Under the public highway exception, the relevant exception in this case, a governmental agency may be liable for damages caused by an unsafe public highway. *Id.* Specifically, at the time of plaintiff's fall, the governmental tort liability act provided:

> Except as otherwise provided . . . [e]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [*Moraccini*, 296 Mich App at 392 (quoting MCL 691.1402, as amended by 1999 PA 205).]

At the time, the public highway exception to the governmental tort liability act imposed a "general duty on municipalities to keep sidewalks under their jurisdiction in reasonable repair." *Id.* at 393.[1] In order to impose liability on a municipality, a plaintiff must establish that the municipality had knowledge of the defect and that the defect in the sidewalk was a proximate cause of the plaintiff's injury. See *Robinson v City of Lansing*, 486 Mich 1, 19-20; 782 NW2d 171 (2010). Because the public highway exception is a statutory exception, it must be narrowly construed. *Id.* at 392. This Court has held that "a berm is not included within the definition of the term "highway" and is thus not included within the highway exception to governmental immunity." *Mitchell v City of Detroit*, 264 Mich App 37, 44-45; 689 NW2d 239 (2004); see also *Roby v City of Mount Clemens*, 274 Mich App 26, 31; 731 NW2d 494 (2006). This Court has defined the term "berm" as "the strip of grass between a public road and a sidewalk." *Id.* at 38 n 1.

Defendant argued in its motion for summary disposition that plaintiff's injuries were caused by a condition on the berm, and not by the sidewalk. Plaintiff stated in his deposition that he initially tripped on the berm, but he only fell to the ground and suffered an injury because he tripped on the exposed edge of the sidewalk as he stumbled backward. Defendant presented evidence that when plaintiff submitted his online complaint and claim form to the city of Detroit, he only mentioned tripping on the berm, not the sidewalk itself. More importantly, plaintiff did not provide any evidence that there was an actual defect in the sidewalk itself. Plaintiff tripped on the berm and came in contact with the exposed edge of the sidewalk as he was already

---

[1] Plaintiff fell on September 13, 2011. We note that MCL 691.1402a, which sets forth the "two-inch rule" did not apply to his claim. Plaintiff's claim involved an action against a municipality for an injury that allegedly occurred on sidewalk adjacent to a *municipal* highway. In 2011, the two-inch rule only applied to an action against a municipality for an injury that allegedly occurred on a sidewalk adjacent to a *county* highway. *Robinson v City of Lansing*, 486 Mich 1, 13; 782 NW2d 171 (2010).

stumbling. The alleged defect in the sidewalk was that its edge was exposed and not flush with the adjacent berm topography due to the soil and sediment erosion of the berm. Although the sidewalk may not have been flush with the berm due to erosion, there is no evidence demonstrating that there was a defect in the sidewalk itself. Taking the evidence in the light most favorable to plaintiff, summary disposition to defendant is appropriate.

Reversed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering