# STATE OF MICHIGAN

# COURT OF APPEALS

SHAKILA POWELL,

        Plaintiff-Appellee,

UNPUBLISHED
December 19, 2017

v

No. 334173
Wayne Circuit Court
LC No. 15-013374-NO

CITY OF DETROIT,

        Defendant-Appellant.

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals of right an order denying its motion for summary disposition pursuant to MCR 2.116(C)(7) (immunity granted by law), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact).

The case arises out of plaintiff's fall on a city sidewalk on the evening of May 26, 2015. Plaintiff was visiting at the home of Kesha Calhoun. After it was dark, plaintiff and Calhoun left the house to go to a convenience store, which was about a 7 to 10 minute walk away. Plaintiff alleges that as she and Calhoun walked down the sidewalk, she tripped and fell suffering injury. According to plaintiff's deposition testimony, she tripped because a portion of the cement was missing from the sidewalk into which grass had grown but which was not at the same level of the sidewalk. One side of the sidewalk, the side plaintiff was walking on, had a large cut out concave shaped area and there was a more than two-inch vertical gap between the ground into which the grass had grown and the surface of the sidewalk.[1]

Defendant city raises two claims of error. First, the city argues that plaintiff failed to comply with the notice of claim required by statute. Second, the city argues that the sidewalk defect alleged by plaintiff was not in fact a defect. Both of defendant's arguments are without merit and we affirm.

---

[1] Defendant, at least for purposes of this appeal, does not dispute that the discontinuity was greater than two inches.

-1-

## I. STATUTORY PRE-SUIT NOTICE

Before filing suit, plaintiff sent defendant a notice of injury and highway defect as required by MCL 691.1404(1). Defendant argues that the notice was defective because it failed to list all known witnesses and did not specify the exact location of the accident. We disagree.[2]

Before filing suit based upon the highway exception to governmental immunity, a plaintiff must provide adequate notice under MCL 691.1404(1), which provides in pertinent part:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

The notice required by MCL 691.1404(1) need not take any particular form and "[a] notice should not be held ineffective when in substantial compliance with the law." *Plunkett v Dep't of Transp*, 286 Mich App 168, 177; 779 NW2d 263 (2009) (quotation marks and citation omitted). A notice will be sufficient if it is timely and adequately provides the required information. *Id*. at 176. Photographs may cure a deficiency in the written description of the location and nature of the defect. *McLean v. Dearborn*, 302 Mich App 68, 75-76; 836 NW2d 916, 921 (2013).

In this case, plaintiff's timely notice of intent described the location of the accident as follows:

---

[2] Decisions on motions for summary disposition are reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The applicability of governmental immunity is also reviewed de novo. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). Governmental immunity is grounds for summary disposition under MCR 2.116(C)(7). Unless contradicted by documentary evidence, "[t]he contents of the complaint are accepted as true." *Maiden*, 461 Mich at 119. If documentary evidence is submitted, it must be considered in the light most favorable to the nonmoving party. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "If reasonable minds could not differ on the legal effects of the facts, it is a question of law whether governmental immunity bars a plaintiff's claim." *Milot v Dep't of Transp*, 318 Mich App 272, 275-276; 897 NW2d 248 (2016). When a relevant factual dispute exists, summary disposition is not appropriate under MCR 2.116(C)(7). *Moraccini*, 296 Mich App at 391. A MCR 2.116(C)(10) motion tests the factual sufficiency of the complaint. *Maiden*, 461 Mich at 120. The court evaluates the documentary evidence and other materials submitted by the parties in the light most favorable to the nonmovant. *Id*. Consequently, the court must draw all reasonable inferences in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

The accident occurred on the sidewalk west of Marlowe Street, in front of 14291 Marlowe Street, Detroit, Michigan. The defect consists of a missing piece of cement sidewalk creating a vertical inconsistency of greater than 2 inches. See photographs identifying the defect (circled) and its location and relationship to the house at 14291 Marlowe Street, the driveway immediately north of the house at 14291 Marlowe Street, Marlowe Street itself, and the houses to the north and south of 14291 Marlowe Street for greater specificity.

The notice also included 13 photographs of the location of the incident. The photographs were taken from various angles and various distances. Eight of the photographs included a circle around the exact location where the incident occurred, and a missing chunk of sidewalk is readily observable in all eight photographs. The photographs also captures various landmarks in the background of the photographs, such as surrounding houses, further providing defendant with the exact location of the accident. [3]

Given that plaintiff provided defendant with a specific address, the side of the street the defect was located on, and referred defendant to attached photographs showing exactly where the defect was located, the trial court's denial of defendant's motion for summary disposition with respect to this aspect of the notice issue was proper. Plaintiff's notice of the location of the defect more than sufficed to meet the requirements of MCL 691.1404(1), and defendant's argument is wholly without merit. [4]

Defendant next argues that plaintiff's notice was improper because the only witness it included was Calhoun, who had been walking with plaintiff at the time of the accident. Defendant argues that the law requires that the plaintiff also list persons who were not present at that time and did not witness the fall, but who came on the scene later. This issue is controlled by *Milot v Dep't of Transp*, 318 Mich App 272, 278; 897 NW2d 248 (2016), which held that

---

[3] It has been clear, at least since 2013, that photographs of the defect and its location must be taken into consideration when asserting that a notice does not adequately describe the defect's location. *McLean*, 302 Mich App at 76 ("Any deficiency in the written description is . . . remedied by the inclusion of the photographs."); *Plunkett,* 286 Mich App at 178-179 (holding that "the description of the nature of the defect may be deemed to substantially comply with the statute when '[c]oupled with the specific description of the location . . . .' "). Defendant's brief was filed more than three years after the *McLean* decision yet, like its failure to note the existence of the photographs, simply makes no mention of that decision.

[4] We note that neither defendant's statement of facts nor its argument concerning this issue make any mention of the numerous photographs included in the notice and the extensive detail they provide despite their centrality to the issue. We remind defendant that MCR 7.212(C)(5) requires that the statement of facts contain "[a]ll material facts, both favorable and unfavorable" and this omission from its statement of facts is a violation of MCR 7.212(C) which provides that a statement of facts must contain "all material facts, both favorable and unfavorable" and that non-compliance with the rules may subject a party to the striking of its brief and/or sanctions pursuant to MCR 7.216(C)(1)(b) and MCR 7.219(I).

witnesses for purposes of MCL 691.1404(1) "are those persons who witnessed the 'occurrence,' " and that the statutory phrase "occurrence of the injury and the defect" refers to "the time of the accident."[5] Here, Calhoun's statement indicates that no one else was on the sidewalk at the time of the accident, and that she was the only person that witnessed the accident.

## B. NATURE OF DEFECT

Defendant also argues that it was entitled to summary disposition because the defect alleged by plaintiff is not a defect at all.

At the time this case arose, MCL 691.1402a,[6] the statutory provision allowing governmental liability for sidewalks, provided:

> (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

> (2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

> (3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

> (4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

> (5) A municipal corporation's liability under subsection (1) is limited by . . . MCL 324.81131.

---

[5] "Each of these items—the location, nature of the defect, injury sustained, and names of witnesses—refers to the accident itself." *Milot*, 318 Mich App at 278.

[6] MCL 691.1402a was amended by 2016 PA 219, effective January 4, 2017.

-4-

Sidewalk is defined as "a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel." MCL 691.1401(f).

In the instant case, plaintiff's testimony and the multiple photographs show that the defect that caused accident is a more than a two-inch vertical discontinuity in the sidewalk, which exceeds the two-inch rule, and thus, rebuts the presumption that defendant maintained the sidewalk in reasonable repair. MCL 691.1402a(3)(a). Contrary to defendant's argument, the area that plaintiff fell was part of the sidewalk structure, which was missing a portion, i.e. there was no cement in an area of the sidewalk. Defendant's linguistic argument that the missing area of sidewalk is not part of the sidewalk is akin to saying that a pothole in a road is not part of the road because the hole is by definition the "absence" of the road. Like the trial court, we reject this sophistic argument. That grass had grown into the area left by the missing cement (thereby masking the drop-off) does not mean that it is not part of the sidewalk or that despite being well into the sidewalk path, it was merely part of the berm.[7] Again, defendant fails to cite any cases in support of its view. All the cases it cites address materials on top of the road such as gravel, dirt, ice or other object that is not part of the actual road. These cases do not suggest that a large drop-off caused by the absence of part of the sidewalk, i.e. a hole, is not a defect.

Affirmed. Appellee may tax costs as prevailing party. MCR 7.219(A).

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Douglas B. Shapiro

---

[7] Defendant cites *Mitchell v Detroit*, 264 Mich App 37, 44; 689 NW2d 239 ( 2004), which held that a berm, i.e. the grassy strip often found between a sidewalk and the curb is a legally separate area from the sidewalk and so outside the highway exception. In this case, defendant, contrary to *Mitchells*, argues that the distinction between a sidewalk and a berm should be ignored.