# STATE OF MICHIGAN

# COURT OF APPEALS

INSIGHT INSTITUTE OF NEUROSURGERY
AND NEUROSCIENCE, JAWAD A. SHAH,
M.D., PC, INSIGHT PHYSICAL THERAPY
AND REHAB CENTER, PC, INSIGHT PAIN
MANAGEMENT CENTER, INSIGHT
ANESTHESIA, PLLC, STERLING
ANESTHESIA, PLLC, and INSIGHT HEALTH
AND FITNESS CENTER, INC.,

UNPUBLISHED
September 20, 2018

Plaintiffs-Appellants,

v

No. 339740
Wayne Circuit Court
LC No. 16-014761-NO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this no-fault dispute, plaintiffs, an assortment of medical providers, appeal by right the trial court's order granting summary disposition under MCR 2.116(C)(8) (failure to state a claim) in favor of defendant, State Farm Mutual Automobile Insurance Company. This litigation arose from unpaid bills for medical treatment for injuries suffered by Antwan Johnson in a car accident on July 4, 2015. The trial court ruled that plaintiffs failed to state a claim because medical providers do not have a statutory cause of action under the no-fault act, MCL 500.3101 *et seq.*, the insured's assignment of rights to plaintiffs was unenforceable because it was only a partial assignment, and the anti-assignment provision requiring State Farm's consent precluded the assignment of rights because State Farm did not agree to it. We affirm the trial court ruling that plaintiffs do not have a statutory cause of action. However, because this Court recently held that a post-loss anti-assignment provision was unenforceable, *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 9, we reverse.

This Court reviews de novo the legal question of retroactivity in addition to a trial court's ruling on a motion for summary disposition. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 168; 909 NW2d 38 (2017); *Stevenson v Detroit*, 264 Mich App 37, 40;

-1-

689 NW2d 239 (2004). Summary disposition under MCR 2.116(C)(8) is proper if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion for summary disposition under subrule (C)(8) "tests the legal sufficiency of the complaint[,]" and courts review only the pleadings when ruling on a motion brought under this subrule. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Id*. at 120. To the extent the trial court referred to the insurance policy to address the parties' arguments regarding the assignment of rights, we review the pertinent rulings under subrule (C)(10). See *Shah*, ___ Mich App at ___; slip op at 13.

First, plaintiffs argue against the retroactive application of *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), in which our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." This Court has held that *Covenant* applies retroactively. *W A Foote*, 321 Mich App 159. Accordingly, we affirm the trial court's ruling that *Covenant* applies retroactively to bar plaintiffs' claim.

Plaintiffs next contend that their claim survives because Johnson, the insured, signed an assignment of rights. After the trial court issued its final ruling in this case, this Court held that a post-loss anti-assignment clause was unenforceable because it violated public policy. *Shah*, ___ Mich App at ___; slip op at 9. Accordingly, we reverse the trial court's ruling that the anti-assignment clause in the insurance policy barred Johnson's assignment of rights.

Lastly, plaintiffs argue that the trial court erred by concluding that the assignment of rights was unenforceable because it was a partial assignment that did not fully discharge State Farm's obligations. On remand, the trial court should reconsider this ruling in light of *Shah*.

We affirm the trial court's ruling that *Covenant* applies retroactively. We reverse the trial court rulings regarding the effect of the assignment of rights, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto