*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTONIO FLEMING,

        Plaintiff-Appellee,

v

WATERFORD CHARTER TOWNSHIP,

        Defendant-Appellant,

and

OAKLAND COUNTY ROAD COMMISSION and
JEFFREY DURBIN,

        Defendants.

UNPUBLISHED
March 23, 2023

No. 359180
Oakland Circuit Court
LC No. 2020-184783-NO

ANTONIO FLEMING,

        Plaintiff-Appellee,

v

WATERFORD CHARTER TOWNSHIP and
JEFFREY DURBIN,

        Defendants,

and

OAKLAND COUNTY ROAD COMMISSION,

        Defendant-Appellant.

No. 361382
Oakland Circuit Court
LC No. 2020-184783-NO

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

-1-

PER CURIAM.

Plaintiff was injured when he fell into a manhole in front of 1049 Holbrook Avenue in Waterford Township during his weekly trash collection. He brought this action against Waterford Charter Township (Waterford Township) and the Oakland County Road Commission (the Road Commission) under the highway exception to governmental immunity, MCL 691.1402 and MCL 691.1402a, and brought a premises liability claim against Jeffrey Durbin, the homeowner of 1049 Holbrook.[1] In Docket No. 359180, Waterford Township appeals as of right the trial court's order denying it motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). In Docket No. 361382, the Road Commission appeals as of right the trial court's later order that denied its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(10) (genuine issue of material fact).[2] We reverse in both appeals and remand for entry of orders granting summary disposition in favor of these defendants.

On June 18, 2020, plaintiff was working for Green for Life Environmental, collecting trash. While picking up trash cans and bags in front of 1049 Holbrook Avenue in Waterford Township, plaintiff fell into a manhole when the cover on the manhole caved in or collapsed. Plaintiff caught himself from falling all the way down into the hole with his arm and kicked the manhole cover off his leg so that he could climb out. Plaintiff injured his right shoulder, which later required surgery.

On July 23, 2020, plaintiff mailed notice of his claim to Gary Wall at the Waterford Township Supervisor Office. On August 14, 2020, plaintiff sent a notice of claim to Gregory C. Jamian at the Road Commission's office. Plaintiff later filed this action against both Waterford Township and the Road Commission, alleging that both agencies were liable under the highway exception to governmental immunity, MCL 691.1402 and MCL 769.1402a. Photographs of the manhole show that it is located in a nonpaved and partially grassy area immediately adjacent to Holbrook Avenue, and immediately to the left of the improved portion of the driveway in front of 1049 Holbrook Avenue.

Waterford Township and the Road Commission both moved for summary disposition, primarily contesting whether the manhole was located in an area that they had a duty to maintain and challenging the adequacy of plaintiff's notice of his claim. The trial court denied both motions, finding that there were issues of fact regarding the location of the manhole and the sufficiency of plaintiff's notices to each defendant. These appeals followed.

---

[1] Plaintiff's claim against Durbin is not at issue in these appeals, and Durbin is not a party to the appeals.

[2] Although the Road Commission also moved for summary disposition under MCR 2.116(C)(8), because a motion under that subrule is limited to the pleadings alone and the Road Commission relied on documentary evidence outside the pleadings in support of summary disposition, the motion is properly considered only under MCR 2.116(C)(7) and (10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

## I. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id*. at 428-429.]

Summary disposition is appropriate under MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), quoting MCR 2.116(G)(4). The opposing party must then set forth specific facts establishing a genuine issue of material fact to survive a motion for summary disposition. *Maiden*, 461 Mich at 120-121, quoting MCR 2.116(G)(4). A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted).

This Court also reviews de novo questions of statutory interpretation. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). "When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature." *Id.* This Court begins by construing the language of the statute itself. *Id.* When the language is unambiguous, this Court gives the words their plain meaning and applies the statute as written. *Id.*

## II. WATERFORD TOWNSHIP

Plaintiff's complaint alleged that Waterford Township was liable under the highway exception to governmental because it failed to maintain in reasonable repair both Holbrook Avenue and a sidewalk adjacent to Holbrook Avenue. We conclude that Waterford Township is entitled to summary disposition because there is no dispute that Waterford Township does not have jurisdiction over Holbrook Avenue, and there is no genuine issue of material fact whether the manhole is part of the adjacent sidewalk that Waterford Township has a duty to maintain.

The governmental tort liability act, MCL 691.1401 *et seq.*, provides that governmental agencies are immune from tort liability when they are engaged in the exercise or discharge of a

governmental function. *Roy v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). There are several exceptions to governmental immunity, including the highway exception, which is at issue here. See *id.*; *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). "The highway exception waives the absolute immunity of governmental units with regard to defective highways under their jurisdiction." *Id.*

The highway exception, MCL 691.1402(1), provides, in relevant part:

Each governmental agency *having jurisdiction over a highway* shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [Emphasis added.]

"Only one governmental agency can have jurisdiction over a highway at any time; there is no concurrent jurisdiction." *Markillie v Bd of Co Rd Comm'rs of Co of Livingston*, 210 Mich App 16, 20; 532 NW2d 878 (1995). The term "jurisdiction" in MCL 691.1402(1) is properly equated with "control." *Id.* at 21-22.

Waterford Township relies on MCL 247.669 for its argument that the Road Commission has jurisdiction over Holbrook Avenue. MCL 247.669 provides:

The board of county road commissioners in each of the several counties shall, within 1 year from the effective date of this act, complete the taking over as county roads of all roads, streets and alleys heretofore required to be taken over as county roads by the provisions of Act No. 130 of the Public Acts of 1931, as amended, being sections 247.1 to 247.13, inclusive, of the Compiled Laws of 1948. . . . Such dedicated streets and alleys, when taken over by the county road commission, shall be county roads in all respects and for all purposes and shall be classified as county primary roads or county local roads pursuant to the provisions of this act.

This statute transferred jurisdiction over township roads to county road commissions. See *Grayling Township v Berry*, 329 Mich App 133, 138 n 3; 942 NW2d 63 (2019). Moreover, at the hearing on the Road Commission's motion for summary disposition, the Road Commission conceded that it, and not Waterford Township, has jurisdiction over Holbrook Avenue. Indeed, although plaintiff contests on appeal whether the manhole at issue is located within Holbrook Avenue, he does not contest that the Road Commission, and not Waterford Township, has jurisdiction over Holbrook Avenue. Accordingly, to the extent that liability may be imposed under MCL 691.1402(1) for any failure to maintain Holbrook Avenue in reasonable repair, that liability may not be imposed on Waterford Township because liability extends only to a governmental agency's failure "to keep a highway *under its jurisdiction* in reasonable repair" and there is no dispute that the Road Commission, and not Waterford Township, has jurisdiction over Holbrook Avenue.

Waterford Township also argues that it cannot be held liable for the allegedly defective manhole pursuant to MCL 691.1402a because the manhole is not part of the public sidewalk adjacent to the improved portion of the highway that it has a duty to maintain. We agree.

A municipality has a statutory duty to maintain a sidewalk in reasonable repair as provided by MCL 691.1402a(1), which states:

> A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

MCL 691.1401(f) defines a sidewalk as follows:

> "Sidewalk," except as used in subdivision (c), means a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel.

In the lower court and on appeal, plaintiff maintains that the manhole is in the roadway and not the sidewalk. A review of the photos submitted by the parties clearly establishes that the manhole in which plaintiff fell is not part of "a paved public sidewalk intended for pedestrian use" as required by MCL 691.1402a(1) and as defined by MCL 691.1401(f).

In summary, because there is no genuine issue of material fact whether the manhole is part of the sidewalk that Waterford Township has a duty to maintain under MCL 691.1402a, and it is undisputed that Waterford Township does not have jurisdiction over Holbrook Avenue, there is no basis for imposing liability on Waterford Township under the highway exception to governmental immunity. Accordingly, we reverse the trial court's order denying Waterford Township's motion for summary disposition. In light of this decision, it is unnecessary to address Waterford Township's additional argument challenging the adequacy of plaintiff's notice under MCL 691.1404.

## III. THE ROAD COMMISSION

The Road Commission does not dispute that it has jurisdiction over Holbrook Avenue, but it argues that it is not liable under the highway exception because the allegedly defective manhole is not part of the improved portion of the highway designed for vehicular travel. We agree.

The highway exception, MCL 691.1402, provides, in relevant part:

> (1) Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental

-5-

agency. . . . Except as provided in [MCL 691.1402a[3]], the duty of a governmental agency to repair and maintain highways, and the liability for that duty, *extends only to the improved portion of the highway designed for vehicular travel* and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. . . . [Emphasis added.]

"Highway" is defined as "a public highway, road, or street that is open for public travel. Highway includes a bridge, sidewalk, trailway, crosswalk or culvert on the highway." MCL 691.1401(c).

Thus, "[i]n regard to the state and county road commissions under the highway exception, the statutory language creates a duty to maintain a highway solely with respect to the traveled portion, paved or unpaved, of the roadbed actually designed for vehicular travel by the public." *Snead v John Carlo, Inc*, 294 Mich App 343, 357; 813 NW2d 294 (2011). Accordingly, "if the condition is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable and liability does not attach." *Id.*, quoting *Nawrocki*, 463 Mich at 162; see, also, *Grimes v Mich Dep't of Transp*, 475 Mich 72, 78; 715 NW2d 275 (2006) (The duty of the state and county road commissions to repair and maintain does not extend to every "improved portion of highway;" rather, the duty attaches only "to the improved portion of highway" that is also "designed for vehicular travel.").

In *Mitchell v Detroit*, 264 Mich App 37; 689 NW2d 239 (2004), this Court held that a "berm," consisting of "a strip of land between a public road and a sidewalk," *id*. at 38, is not included within the definition of the term "highway" because the plain language of the statute does not support such a conclusion. *Id*. at 43. This Court held that "[b]ecause the immunity conferred on governmental agencies is broad, and because the statutory exceptions should be narrowly construed in accordance with their plain language, . . . a berm is not included within the definition of the term 'highway' and is thus not included within the highway exception to governmental immunity." *Id.* at 44-45.

The submitted evidence in this case clearly demonstrates that the manhole that caused plaintiff's injuries is not part of the improved portion of the public roadbed designed for vehicular travel. One of the submitted photos shows a truck parked in front of 1049 Holbrook, with its two driver-side tires on the paved roadway and the other two tires on the grassy berm. The manhole cover is to the right of the two tires on the paved roadway and clearly is not on or a part of the paved roadway. The photos clearly show that the manhole does not extend into the roadway, but is within or adjacent to the grassy berm between the road and the sidewalk, which is not part of the improved portion of the roadbed designed for vehicular travel. The manhole arguably extends into the apron portion of the driveway for 1049 Holbrook, but the apron only provides access between the homeowner's land and the street, and is not itself a road open for public travel. The

---

[3] MCL 691.1402a addresses a municipal corporation's liability for failing to maintain a sidewalk in reasonable repair and is not applicable to defendant Road Commission.

survey overlay that the Road Commission submitted below also clearly marks the paved roadway and shows the relevant manhole outside of that roadway.

Plaintiff relies on evidence showing that, according to the subdivision plat, a 50-foot wide area was reserved for the subdivision streets and the manhole is located within that 50-foot area. Accordingly, plaintiff argues that the manhole is not part of the homeowner's private property and is within the control of the Road Commission. But even if that evidence is credited and accepted as true, the duty of the Road Commission to repair and maintain, and its liability for breach of that duty, "extends only to the improved portion of the highway designed for vehicular travel," MCL 691.1402, and "[i]f the condition is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable and liability does not attach." *Nawrocki*, 463 Mich at 162. Because the manhole is not within the improved portion of the roadway designed for vehicular travel, the highway exception is not applicable, regardless of whether the manhole is within the 50-foot area as defined in the subdivision plat.

In summary, because there is no genuine issue of material fact whether the manhole is within the improved portion of the public roadbed surface designed for vehicular travel, the highway exception does not apply to plaintiff's claim. Accordingly, the Road Commission was entitled to summary disposition and we reverse the trial court's order denying the Road Commission's motion. In light of this decision, it is unnecessary to address the Road Commission's additional claims that it was also entitled to summary disposition because it did not have notice of the condition under MCL 691.1403, or because plaintiff failed to satisfy the notice requirements under MCL 691.1404.

We reverse the trial court's orders denying Waterford Township's and the Road Commission's motions for summary disposition and remand for entry of orders granting summary disposition in favor of these defendants. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Stephen L. Borrello